May 15, 1911.

————o————

5314.

(Court of Appeal, Parish of Orleans.)

## JOHN FOSS vs. TEXAS & PACIFIC R. R. CO.

Where the verdict of a jury is manifestly erroneous, it will be set aside, and the judgment based thereon will be reversed.

Appeal from the Civil District Court, Division "A."

Pierson, Walton & Pierson, A. A. Moreno, E. A. O'Sullivan, for plaintiff and appellee.

Howe, Fenner, Spencer & Cocke, B. J. Meyer, for defendant and appellant.

ST. PAUL, J.—Plaintiff was injured by being run into by a locomotive and train belonging to and operated by defendant, whilst crossing its tracks in a two mule wagon driven by himself.

The case was tried by jury and there was a verdict

for plaintiff which the district judge refused to disturb because there was a conflict of evidence.

There were but three eye witnesses to the accident, the fireman on defendant's locomotive, plaintiff himself, and a colored man who accompanied the latter on his wagon. This colored man could not be found at the time of the trial and hence did not testify.

Plaintiff's testimony was that he reached the crossing at about 7:30 o'clock on the morning of January 29, 1909; that the day was not bright, but that he could see; that he did see the track which was elevated about one foot above the level of the street; that he stopped with the head of his team about seven or eight feet from the track; that he looked and listened, but heard nothing and saw nothing; and then went ahead, and was struck just as the rear end of his wagon was about to clear the track; and that he himself was thrown from the wagon and injured; that at that point it was impossible to see more than twenty feet along the track in the direction from which the train came, on account of a curve in the track and the screening of the view by intervening houses.

The fireman testified that the locomotive was going about fifteen miles an hour, and, by means of its steam whistle had signaled its approach at three different points within one thousand feet of this crossing; that an automatic bell capable of being heard more than three hundred feet (one block) had been ringing constantly during the whole time. In all of this he is corroborated by the engineer and conductor of the train and by others.

He further testified that when the locomotive was about fifty or sixty feet from the crossing, plaintiff came into view from behind a house near the corner, his mules on a trot, and continued straight across the track with-

out stopping; that he (the fireman) called at once to the engineer who immediately applied the emergency brakes, and came to a stop within about one hundred and fifty feet.

The engineer on account of the construction of the locomotive, did not see the team until the heads of the mules came over the track about twenty feet ahead of him.

The evidence shows that there is a distance of 29 feet from the middle of the track to the fence or property line, with a clear and unobstructed view nearly four hundred feet up the track; so that a person standing at the corner of the fence can see another person standing on the track at a distance of over three hundred and fifty feet from the crossing, notwithstanding the curve; and a locomotive may be seen at a distance even greater.

With his mules' heads at seven or even eight feet from the track plaintiff, had he stopped, would have been well outside of the fence and property line, **where he should have been**; and there he could not have failed to see the approaching locomotive and realize in ample time, the danger of attempting to cross the track ahead of the oncoming train.

The conclusion is therefore irresistible that the account given by the fireman and not that given by plaintiff, is the true version of the occurrence. The verdict of the jury is manifestly erroneous.

It is, therefore, ordered that the verdict and judgment herein appealed from be set aside and reversed, and it is now ordered that plaintiff's demand be rejected at his costs in both courts.

May 15, 1911.

Rehearing refused, June 7, 1911.

Writ granted by Supreme Court, July 6, 1911.